**BARSHAY SANDERS, PLLC**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122570

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DISTRICT OF COLUMBIA**

| | |
|---|---|
| Andrew Kimmel,<br>8149 Santa Monica Blvd, Suite 316<br>West Hollywood, CA 90046<br><br>Plaintiff,<br><br>v.<br><br>The Washington Newspaper Publishing Co. LLC,<br>1152 15th St NW, Suite 200<br>Washington, DC 20005<br><br>Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Andrew Kimmel ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant The Washington Newspaper Publishing Co. LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement and the violation of the DMCA for the removal of copyright management information.

2. Plaintiff herein videos and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's videos and many others are the subject of pending copyright applications.

4. Defendant owns and operates a social media account with the name of "@dcexaminer" on Twitter (the "*Account*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Video on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Andrew Kimmel is an individual who is a citizen of the State of California and maintains a principal place of business 8149 Santa Monica Blvd, Suite 316, West Hollywood, California 90046 in Los Angeles County, California.

7. On information and belief, defendant The Washington Newspaper Publishing Co. LLC, is a Delaware Limited Liability Company with a principal place of business at 1152 15th St NW, Washington, DC 20005 and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over The Washington Newspaper Publishing Co. LLC because it maintains its principal place of business in Washington, DC.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because The Washington Newspaper Publishing Co. LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is the legal and rightful owner of videos which Plaintiff licenses to publications.

12. Plaintiff has invested significant time and money in building Plaintiff's portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United

States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

14. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

15. The Account is associated with Defendant's business which is a popular and lucrative commercial enterprise.

16. Defendant has exclusive access to post content on Defendant's Account.

17. On January 20, 2020, Plaintiff Andrew Kimmel authored a Video of Sheriff Richard Vaughan of Grayson County, VA (the "Video"). A copy of a still image from the Video is attached hereto as Exhibit 1.

18. Plaintiff applied to the USCO to register the Video on February 20, 2020 under Application No. 1-8565318091.

19. The Video was registered by USCO on February 20, 2020 under Registration No. PA 2-237-472.

20. On January 22, 2020, Plaintiff observed the Video on the Account in a post dated January 20, 2020. A copy of a screengrab of Defendant's Account including the same still image Video is attached hereto as Exhibit 2.

21. A copy of the Video was stored and displayed on Defendant's Twitter Account at twitter.com at the following URL: https://twitter.com/dcexaminer/status/1219292540098301954?s=20.

22. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff's copyright protected Video as set forth in Exhibit 1 which is annexed hereto and incorporated in its entirety herein, on the Account.

23. On information and belief, the Video was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement"*).

24. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed

tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

25. The Infringement is an exact copy of the entirety of Plaintiff's original video that was directly copied and stored by Defendant in the Account.

26. On information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying Plaintiff's Video.

27. On information and belief, the Video was willfully and volitionally posted to the Account by Defendant.

28. On information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

29. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

30. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

31. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

32. On information and belief, Defendant monitors the content on its Account.

33. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

34. On information and belief, a large number of people have viewed the unlawful

copies of the Video on the Account.

35. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

36. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

37. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

38. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

39. The Video is an original, creative work in which Plaintiff owns a valid copyright properly registered with the United States Copyright Office.

40. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

41. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

42. Defendant's reproduction of the Video and display of the Video on the Account constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

43. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing articles on the Account.

44. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is

entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

45. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

46. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

47. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in the Video by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

   d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

   e. for pre judgment interest as permitted by law; and

   f. for any other relief the Court deems just and proper.

DATED: June 29, 2021

            **BARSHAY SANDERS, PLLC**

            By:   */s/ Craig B. Sanders*
            Craig B. Sanders, Esq.
            100 Garden City Plaza, Suite 500
            Garden City, NY 11530
            Tel: (516) 203-7600
            Email: csanders@barshaysanders.com
            *Attorneys for Plaintiff*
            File No.: 122570